UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**NORTHERN DIVISION AT COVINGTON**

| | |
|---|---|
| MICHAEL MCGAHA, ) ) Plaintiff, ) ) v. ) ) CAROLYN W. COLVIN, Acting Commissioner of Social Security, ) ) ) ) Defendant. | Docket No. 2:13-CV-0123-JMH  **MEMORANDUM OPINION & ORDER** |

\*\*\*

This matter is before the Court upon cross-motions for summary judgment [DE 12 and 13] on Plaintiff's appeal of the Commissioner's denial of his application for disability insurance benefits (DIB) and supplemental security income (SSI). Plaintiff has also filed a Reply [DE 14] in further support of his appeal.[1] The Court, having reviewed the record in this case and the motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence, and, thus, the Court will grant Defendant's motion and deny Plaintiff's motion.

**I.**

Plaintiff filed his application for DIB and SSI in May 2010. [Administrative Record ("AR") at 187-194]. Having been

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

denied by the Commissioner, Plaintiff requested a hearing. An Administrative Law Judge (ALJ) held a hearing on December 2, 2011. [AR at 45-87]. Pursuant to 20 C.F.R. §§ 404.1520, 416.920, the ALJ is responsible for conducting a five-step analysis to determine disability: (1) claimant must prove that he is not engaged in any "substantial gainful activity" when he seeks disability benefits; (2) claimant must demonstrate that he suffers from a "severe impairment," meaning "one which significantly limits...physical or mental ability to do basic work"; (3) if the claimant is not working, has a severe impairment "that is expected to last at least twelve months," and the "impairment meets a listed impairment," then the claimant is presumed disabled; (4) if claimant's impairment does not prevent him from performing his past work, then he is not disabled; and (5) even if claimant's impairment prevents him from performing his past work, if "other work exists in the national economy" that the claimant can do, then the claimant is not disabled. *Peterson v. Comm'r of Soc. Sec.*, 552, F. App'x 533, 538 (6th Cir. 2014)(citing 20 C.F.R. §416.920 (2012)); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)(citing 20 C.F.R. § 404.1520 (2012)). The burden of proof "lies with the claimant to prove [he] is disabled" in the first four steps. *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001)(citing 20 C.F.R. § 404.1520 (2012); *Casey v. Sec'y of*

*Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)). However, at the fifth step the burden of proof shifts to the Commissioner to "establish the claimant's ability to do work." *Foster v. Halter*, 279 F.3d at 354 (citing *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990)).

On December 16, 2011, the ALJ issued a decision that was unfavorable to Plaintiff [AR at 27-44]. Appeals Council denied Plaintiff's request for review. Therefore, the Plaintiff's appeal is now eligible for review by this Court pursuant to 42 U.S.C. § 405(g).

At the time of the hearing, Plaintiff was 35 years old, had a 9th grade education, and had previously worked as a shelf-stocker, water damage technician, and dishwasher, among other things. [AR at 52-54, 195-199, 208]. Plaintiff alleged that he became disabled on February 11, 2010, due to depression, anxiety, and back and neck pain. [AR at 187-194, 209-215, 285-296, 382-390]. Following the hearing, the ALJ determined that Plaintiff is capable of performing light work, and, thus, is not disabled under the Social Security Act. [AR at 27-40]. Specifically, considering Plaintiff's "age, education, work experience, and residual functional capacity," the ALJ concluded that there are a number of jobs that "exist in significant numbers in the national economy" that Plaintiff can perform. [AR at 38].

**II.**

Pursuant to 42 U.S.C. § 405(g), this Court reviews this administrative decision to determine "whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Louden v. Comm'r of Soc. Sec.*, 507 F. App'x 497, 498 (6th Cir. 2012)(internal quotation marks and citation omitted). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 641 (6th Cir. 2013) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (internal quotation marks omitted). In other words, as long as an administrative decision is supported by "substantial evidence," this Court must affirm, regardless of whether there is evidence in the record to "support a different conclusion." *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604-05 (6th Cir. 2009) (citing *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994)) (internal quotation marks omitted) ("administrative findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion").

**III.**

Plaintiff argues that the ALJ made two errors: (1) "[t]he ALJ gave insufficient weight to consultative examiner Dr. Ellen Yass-Reed's opinion," and (2) "[t]he ALJ improperly found that

4

Plaintiff's inability to afford mental health treatment indicated his impairments were not very limiting." [Pl.'s Mot. at 7,9].

With respect to Plaintiff's first argument, generally, the opinion of an examining physician is given more weight than the opinion of a non-examining physician. However, an ALJ may give the opinion of a non-examining physician greater weight than the opinion of an examining physician "when the non-examining physician clearly states the reasons that his opinions differ from those of the examining physicians." *Lyons v. Soc. Sec. Admin.*, 19 F. App'x 294, 302 (6th Cir. 2001) (citing *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994)); *see also Dragon v. Comm'r of Soc. Sec.*, 470 F. App'x 454, 463-64 (6th Cir. 2012) (citing 20 C.F.R. § 404.1527(d)(3)). One such factor in evaluating medical opinions is "whether an opinion is consistent with the record as a whole or supported by relevant evidence." *Dragon v. Comm'r of Soc. Sec.*, 470 F. App'x at 463-64 (citing 20 C.F.R. § 404.1527(d)(3)-(4)).

Here, the Global Assessment of Functioning (GAF) score given by the examining physician, Dr. Yass-Reed, indicates serious impairment in functioning; however, according to the ALJ and non-examining physician, Dr. Lea Perritt, this score is inconsistent with Dr. Yass-Reed's own evaluation, which noted that Plaintiff's "judgment and memory were intact," and that

Plaintiff is capable of performing everyday activities, such as handling finances and grocery shopping, by himself. [AR at 37]. The State Agency Mental Residual Functional Capacity (RFC) and Psychiatric Review Technique prepared by the non-examining reviewer, Dr. Perritt, indicated that Plaintiff has moderate mental limitations but is still capable of performing some daily activities, such as understanding and remembering simple instructions. [AR at 37-38, 395-415]. The ALJ explains that the opinion of Dr. Perritt was given more weight because, unlike the opinion of Dr. Yass-Reed, the conclusion drawn in the state agency evaluation prepared by Dr. Perritt was "generally consistent with the medical record [including Dr. Yass-Reed's observations] as a whole." [AR at 38]. Further, argues the Commissioner, because he cited what she viewed as inconsistencies contained within Dr. Yass-Reed's opinion, Dr. Perritt provided a clear and thorough explanation for why her opinion differed from that of Dr. Yass-Reed's opinion. [AR at 37-38].

Plaintiff argues that the ALJ did nothing more than repeat what the non-examining reviewer said and, thus, ignored Dr. Yass-Reed's additional specific conclusions that Plaintiff is vulnerable to intrusion of information and has difficulty manipulating information and working memory; that his sustained concentration is moderately-to-severely impaired; and that his

6

ability to be reliable and consistent in a work-like setting was severely impaired. Plaintiff ignores the fact that the ALJ also considered treatment notes from other providers concerning normal mood and affect, speech pattern, orientation, and consciousness; records concerning control of Plaintiff's anxiety; and observations concerning Plaintiff's behaviors and statements concerning maintaining personal relationships, personal hygiene, care of his home and self, and his family gleaned from the record and from Plaintiff's testimony. [AR at 36-37]. This is more than parroting a bare-bones opinion of a non-examining consultative examiner. As a result, while there may be evidence which would support Plaintiff's preferred conclusion, there is equally evidence of record to support the conclusion reached by the ALJ in giving less weight to the opinion of Dr. Yass-Reed and more to that of Dr. Perritt. Thus, the ALJ was justified in giving more weight to the non-examining physician than the examining physician in this case.

Next, Plaintiff relies on the Sixth Circuit case of *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990), to argue that the ALJ improperly penalized Plaintiff for "fail[ure] to seek treatment he cannot afford." [Pl.'s Mot. at 9-11]. Plaintiff specifically points to the ALJ's finding that "medical evidence establishes a history of major depressive disorder and generalized anxiety disorder, yet the claimant has not undergone

7

mental health treatment, which suggests that his mental impairment are not as limiting as alleged." [AR at 37].

However, there are several reasons why there is substantial evidence supporting the ALJ's finding. First, *McKnight v. Sullivan*, provides that the Secretary must first determine whether Plaintiff has a disability in the absence of treatment; if such a disability is found, then the Secretary must determine whether affordable treatment is available that would prevent the disability from qualifying as a "severe impairment," thus making Plaintiff eligible for DIB and SSI. *McKnight v. Sullivan*, 927 F.2d at 242. Therefore, "the issue of poverty as legal justification for failure to obtain treatment does not arise unless a claimant is found to be under a disabling condition." *Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 846 (6th Cir. 2004) (citing *McKnight v. Sullivan*, 927 F.2d at 242).

Here, in the paragraph following the excerpt cited by Plaintiff, the ALJ goes on to explain that medical records "indicate normal mood and affect, speech pattern, orientation and consciousness" at a time when Plaintiff was not receiving treatment. [AR at 37]. Therefore, the ALJ has provided substantial evidence that a disability does not exist, even in the absence of treatment.

Even assuming, *arguendo*, that the ALJ relied on Plaintiff's failure to seek mental health treatment in making her decision,

8

there is still substantial evidence supporting the decision of the ALJ. In *Strong v. Soc. Sec. Admin.*, the Sixth Circuit provided an overview of factors to consider when a Claimant is alleging a mental health disability but has failed to seek treatment because of poverty claims. *Strong v. Soc. Sec. Admin.*, 88 F. App'x at 846. In that case the Sixth Circuit held that, assuming "there is no evidence suggesting that Claimant's mental condition hindered him from seeking examination or treatment," a claimant's failure to seek treatment may be considered to "cast doubt on a claimant's assertions of disabling pain." *Id. See Williams v. Bowen,* 790 F.2d 713, 715 (8th Cir.1986); *see also Kimbrough v. Sec'y of Health & Human Servs.,* 801 F.2d 794, 797 (6th Cir. 1986). However, failure to seek treatment "should not be a determinative factor" in assessing the credibility of the claimant. *Strong v. Soc. Sec. Admin.*, 88 F. App'x at 846 (6th Cir. 2004) (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)).

In this case, Plaintiff has not suggested that mental health hindered his ability to seek treatment. In addition, while the ALJ cites a lack of consistent health treatment in making a credibility assessment, this factor was not "determinative." [AR at 37]. Immediately following her mention of failure to seek consistent treatment, the ALJ writes, "In addition, psychiatric evaluation...indicate normal mood and

9

affect,...which further call the claimant's credibility into question." [AR at 37]. This statement indicates that the ALJ was considering Plaintiff's failure to seek consistent treatment as one factor among many that calls Plaintiff's credibility into question, which is in line with the analysis provided in Sixth Circuit precedent. The ALJ goes on to cite "other factors [that] further belie the claimant's credibility," including ability to perform daily activities, such as caring for a dog and grocery shopping, despite alleging debilitating pain [AR at 37]. Therefore, the ALJ provided substantial evidence for denying Plaintiff's DIB and SSI claim.

Accordingly, **IT IS ORDERED:**

(1) that Plaintiff's Motion for Summary Judgment [DE 12] is **DENIED** and

(2) that Defendant's Motion for Summary Judgment [DE 13] is **GRANTED**.

This the 20th day of June, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge